UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SHERRY BURNS, individually and in her capacity as Guardian of Kellie A. Burns and Matthew P. Burns,

    Plaintiff,

  v.

SBC COMMUNICATIONS, INC.; AT&T, INC.; SBC ADVANCED SOLUTIONS, INC.; PACIFIC TELESIS GROUP; FIDELITY INVESTMENTS, INC.; FIDELITY INVESTMENTS INSTITUTIONAL OPERATIONS CO., INC.; METLIFE INVESTORS INSURANCE CO.; METLIFE INVESTORS USA INSURANCE CO.; ACE LIFE INSURANCE CO.; MELLON CORPORATION; ACS CORPORATION; and DOES 1-10 inclusive,

    Defendants.

No. 2:07-cv-02162-MCE-KJM

**ORDER**

----oo0oo----

    Petitioner Sherry Burns has filed an Motion for Approval of her Petition to compromise the claims asserted on behalf of her minor son, Matthew P. Burns, age 17, in this litigation.

1

The Court has reviewed the Petition and, because it fails to satisfy the requirements of Eastern District Local Rule 17-202, will deny the Petition as set forth below.

First, Petitioner's counsel has never filed either an application for appointment of minor's representative, or a motion for appointment of guardian ad litem as required by Rule 17-202(a). The instant Petition cannot proceed in the absence of such appointment.

Second, on a substantive basis, the Petition fails to satisfy the requirements of the Local Rule, which requires that the Petition disclose information concerning "the nature of the causes of action to be settled or compromised, the facts and circumstances out of which the causes of action arose, including the time, place and persons involved, [and] the manner in which the compromise amount or other consideration was determined, including such additional information as may be required to enable the Court to determine the fairness of the settlement or compromise...." E.D. Local Rule 17-202(b)(2).

As it currently stands, Petitioner's application discloses only that the sum of $10,000.00 is being offered to settle the claims of Matthew Burns, and that the nature of the action is a claim for unpaid benefits otherwise payable to the minor's deceased father under ERISA. No information has been submitted as to how that settlement was calculated, or most importantly how the settlement is in the best interests of the minor. In fact, examination of the Complaint suggests that some $93,000.00 in life insurance benefits, and another $266,000.00 in other retirement benefits, is at issue. (See Compl., ¶¶ 34, 42).

2

1 | Information indicating how the settlement is fair given those
2 | underlying claims must necessarily be submitted before the Court
3 | can consider whether the Petition should be approved.
4 |     Given the foregoing, Petitioner's Motion for Approval
5 | (Docket No. 24) is DENIED[1] without prejudice to being renewed
6 | following proper appointment of a representative or guardian on
7 | the minor's behalf, and following a proper factual showing in
8 | compliance with the Local Rules of this Court.  The hearing in
9 | this matter scheduled for August 27, 2009 is hereby vacated.
10 |     IT IS SO ORDERED.

Dated: August 27, 2009

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE

---

[1] Because oral argument will not be of material assistance, the Court orders this matter submitted on the briefing. E.D. Local Rule 78-230(h).

3